IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| **AARON PETITT** )<br> c/o 701 The City Club Building<br> 850 Euclid Avenue )<br> Cleveland, OH 44114<br><br> )<br> and<br> )<br><br>**CLEVELAND POLICE** )<br>**PATROLMEN'S ASSOCIATION**<br> 1303 West 58ᵗʰ Street )<br> Cleveland, OH 44102<br> )<br> Plaintiffs,<br> )<br> **-vs-**<br> )<br><br>**CITY OF CLEVELAND** )<br> 601 Lakeside Avenue<br> Cleveland, OH 44114 )<br><br> Defendants. ) | **C O M P L A I N T**<br><br> Trial by Jury Endorsed<br> Hereon |

## **INTRODUCTION**

1. This is an action brought to secure enforcement of federally protected rights arising out of governmental restriction, punishment and retaliation in violation of the First and Fourteenth Amendment to the Constitution of the United States and in its application.

2.  The Plaintiffs seek declaratory and injunctive relief and damages.

## CLAIMS AND JURISDICTION

3.  This action is initiated pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, to redress the deprivation under color of statue, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiff under the Fourteenth Amendment to the United States Constitution. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1343(a)(3) and (4). To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 2201 and 2202.

4.  At all times relevant to this complaint, Defendant has acted and continues to act under color of law and under color of the statutes, ordinances, charter, regulations, customs and usages governing the government of Cleveland, Ohio.

## PARTIES

5.  Plaintiff Aaron Petitt ("Petitt") is a citizen of the United States, a resident of Northeast Ohio and a former member of the élite Army Rangers.

6.  Plaintiff Aaron Petitt joined the United States Army at 17 while still in high school.

7.  In 2003, Plaintiff Aaron Petitt started active duty in the United States Army's infantry unit.

8. In 2004, Plaintiff Aaron Petitt became an Army Ranger, an élite status achieved by less than one percent (1%) of the soldiers in the United States Army.

9. Plaintiff Aaron Petitt served four (4) tours of duty in Iraq and Afghanistan, which involved substantial combat, indigenous interaction and which garnished ten (10) particularly significant decorations including the United States Army Achievement Medal, the National Defense Service Medal, the Afghanistan Campaign Medal, the Global War on Terrorism Expeditionary Medal, the Global War on Terrorism Service Medal, the United States Army Service Ribbon, the Expert Infantryman Badge, U.S. Army Ranger Tab and Parachutist Badge.

10. Plaintiff  Cleveland Police Patrolmen's Association ("CPPA"), is an association of Cleveland police officers which represents patrol officers and other members of the City of Cleveland's Division of Police.

11. Defendant City of Cleveland is the governmental employer of Plaintiff Aaron Petitt and a municipal corporation organized under the laws of the State of Ohio.

12. Defendant City of Cleveland negotiates with Plaintiff Cleveland Police Patrolman's Association concerning the rights and obligations of police officers represented by the CPPA.

## Count I

**PROCEDURAL AND SUBSTANTIVE DUE PROCESS CLAIMS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES ON BEHALF OF PLAINTIFF AARON PETITT**

13. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

14. During his service, Plaintiff Aaron Petitt became familiar with the lifestyles, culture, customs, practices, faith and people of Iraq and Afghanistan.

15. As an U.S. Army Ranger, he became familiar and worked and lived closely with Iraqi and Afghanistani security forces and others.

16. In order to be successful, Plaintiff Aaron Petitt was required to be as familiar as possible to protect and defend as vital means of advancing safety, security and intelligence.

17. In order to be successful, Plaintiff Aaron Petitt developed relationships of trust and respect with indigenous residents by learning and understanding  lifestyles, culture, customs, practices, faith and people.

18. During his deployment Plaintiff Aaron Petitt learned about family and tribal structure, references to leadership within the communities and other aspects of lifestyles, culture, customs, practices, faith and people.

19. In October, 2006, after serving four (4) tours of duty as a decorated Army Ranger, Plaintiff Aaron Petitt was honorably discharged from the United States Army.

20. In March 2007, after deciding he wanted to continue to serve his nation and its citizens, Plaintiff Aaron Petitt took the civil service test in Cleveland to become a Cleveland police officer.

21. In October, 2007, Plaintiff Aaron Petitt entered the police academy to begin his training.

22. Upon becoming a police officer with the City of Cleveland's Division of Police, Plaintiff Aaron Petitt was assigned to the 4th District.

23. Plaintiff Aaron Petitt became a member of the CPPA.

24. In 2009, Plaintiff Aaron Petitt was stabbed multiple times and severely injured while on duty as a police officer for defendant City of Cleveland.

25. In July 2011, Plaintiff Aaron Petitt returned to the Middle East to serve with security forces in Iraq for an additional thirteen (13) months.

26. In September, 2012, Plaintiff Aaron Petitt rejoined the police force.

27. Plaintiff Aaron Petitt was assigned to the 3rd District and subsequently moved to the district encompassing downtown Cleveland.

28. While serving as a Cleveland police officer for roughly ten (10) years, Plaintiff Aaron Petitt maintained an excellent professional record.

29. On April 3, 2018, Plaintiff Aaron Petitt received a charge letter from the defendant.

30. Plaintiff Aaron Petitt received the April 3, 2018 letter from Defendant City of Cleveland that it was charging him for alleged conduct violations back from 2017.

31. The April 3, 2018 charge by Defendant City of Cleveland was a claim by the Defendant that, on April 27, 2017, Plaintiff Aaron Petitt allegedly used "disparaging remarks when referencing an Arabic male during a potential police action."

32. Defendant knew or should have known the word Plaintiff Aaron Petitt used was not disparaging and charged him in order to embarrass him and diminish his good reputation.

33. Defendant knew or should have known that the word was not disseminated to any group or person who might consider the word disparaging.

34. Defendant did not charge Plaintiff Aaron Petitt for his actions or conduct relating to the word.

35. Defendant only charged Plaintiff Aaron Petitt for a word and punished him for a word.

36. Defendant arbitrarily and capriciously determined a word used by Plaintiff Aaron Petitt to be disparagement without any research or study, but knew or should have known that there is no lack of ambiguity or universality in the meaning of the word.

37. Defendant released a photograph of Plaintiff Aaron Petitt along with a photograph of another police officer who repeatedly used the "N-word."

38. The intent in releasing the two together was to diminishing Plaintiff Aaron Petitt's standing as a police officer and injure his reputation and future as a police officer or any other work he might choose to do.

39. Defendant determined that the other police officer's repeated use of the "N-word" and documented the repeated use of the "N-word," but sent the other officer to inconsequential "sensitivity training" without any loss of work, days off or other meaningful discipline.

40. The use of the "N-word" is unambiguously and universally accepted as disparaging.

41. The repeated use of the "N-word" is unquestionably unambiguously and universally accepted as disparaging.

42. Defendant City of Cleveland's public message on repeated, unambiguous racial references is that it warranted a slap on the wrist.

43. The singular use of a word used by Plaintiff Aaron Petitt is ambiguous and not universally accepted as disparagement.

44. Unlike the repeated use of the unambiguous "N-word," the singular use of a word used by Plaintiff Aaron Petitt in responding to civil disobedience by apparently Arab-American men at the Hustler strip club is not disparagement.

45. In order to cause embarrassment and reputational damages, Defendant City of Cleveland linked Plaintiff Aaron Petitt with the other officer.

46. To further embarrass and humiliate Plaintiff Aaron Petitt, Defendant City of Cleveland charged the plaintiff with failing to "de-escalate" and failing to cover tattoos on his arm, both back on October 25, 2017.

47. Even with the assistance of Plaintiff CPPA joining with Plaintiff Aaron Pettit, Defendant City of Cleveland concluded the singular word of ambiguous meeting with the October 25th incident warranted a six (6)-day suspension.

48. No government policy issued by Defendant City of Cleveland or by its Division of Police prohibits the use of the singular word not made public would result in punishment under color of state law.

49. Defendant City of Cleveland provided no notice concerning the use of the singular word of ambiguous meaning or that its use would result in punishment.

50. Defendant City of Cleveland provided no warning concerning the use of the singular word of ambiguous meaning or that its use would result in punishment under color of state law.

51. Defendant City of Cleveland provided no precedent by way of hearing results, rulings, policy announcements or ordinance that the use of a singular word of ambiguous meaning which was not made public would result in punishment under color of state law.

52. As a result of the acts and conduct by Defendant City of Cleveland, Plaintiff Aaron Petitt has been deprived of fair notice, warning, hearing and otherwise been deprived of due process under law.

53. As a result of the acts and conduct of Defendant City of Cleveland, Plaintiff Aaron Petitt has suffered loss of reputation, loss of wages, hedonic damages, emotional distress and future opportunities because of the defendant's intentional linking of the plaintiff with another officer who repeatedly use the "N-word" which is acknowledged as universally and unambiguously disparaging.

54. Plaintiff Aaron Petitt's loss is irreparable because it would be virtually impossible to restore an excellent reputation because of the failure of Defendant City of Cleveland under color of state law to punishment without any clear or sensible policy, practice, custom or use of establishing policy which would have made known to him and to other members of the Division of Police of Defendant that the singular use of an ambiguous word not made public except by the actions of the Defendant would reasonably result in punishment under color of state law.

## **Count II**

## **FREEDOM OF SPEECH CLAIMS UNDER THE FIRST AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES ON BEHALF OF PLAINTIFF AARON PETITT**

55. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

56. During his service, Plaintiff Aaron Petitt became familiar with the lifestyles, culture, customs, practices, faith and people of Iraq and Afghanistan.

57. As an U.S. Army Ranger, he became familiar and worked and lived closely with Iraqi and Afghanistani security forces and others.

58. In order to be successful, Plaintiff Aaron Petitt was required to be as familiar as possible to protect and defend as vital means of advancing safety, security and intelligence.

59. In order to be successful, Plaintiff Aaron Petitt developed relationships of trust and respect with indigenous residents by learning and understanding lifestyles, culture, customs, practices, faith and people.

60. During his deployment Plaintiff Aaron Petitt learned about family and tribal structure, references to leadership within the communities and other aspects of lifestyles, culture, customs, practices, faith and people.

61. In October, 2006, after serving four (4) tours of duty as a decorated Army Ranger, Plaintiff Aaron Petitt was honorably discharged from the United States Army.

62. In March 2007, after deciding he wanted to continue to serve his nation and its citizens, Plaintiff Aaron Petitt took the civil service test in Cleveland to become a Cleveland police officer.

63. In October, 2007, Plaintiff Aaron Petitt entered the police academy to begin his training.

64. Upon becoming a police officer with the City of Cleveland's Division of Police, Plaintiff Aaron Petitt was assigned to the 4th District.

65. Plaintiff Aaron Petitt became a member of the CPPA.

66. In 2009, Plaintiff Aaron Petitt was stabbed multiple times and severely injured while on duty as a police officer for defendant City of Cleveland.

67. In July 2011, Plaintiff Aaron Petitt returned to the Middle East to serve with security forces in Iraq for an additional thirteen (13) months.

68. In September, 2012, Plaintiff Aaron Petitt rejoined the police force.

69. Plaintiff Aaron Petitt was assigned to the 3rd District and subsequently moved to the district encompassing downtown Cleveland.

70. While serving as a Cleveland police officer for roughly ten (10) years, Plaintiff Aaron Petitt maintained an excellent professional record.

71. On April 3, 2018, Plaintiff Aaron Petitt received a charge letter from the defendant.

72. Plaintiff Aaron Petitt received the April 3, 2018 letter from Defendant City of Cleveland that it was charging him for alleged conduct violations back from 2017.

73. The April 3, 2018 charge by defendant City of Cleveland was a claim by the defendant that, on April 27, 2017, Plaintiff Aaron Petitt allegedly used

"disparaging remarks when referencing an Arabic male during a potential police action."

74. Defendant knew or should have known the word Plaintiff Aaron Petitt used was not disparaging and charged him in order to embarrass him and diminish his good reputation.

75. Defendant knew or should have known that the word was not disseminated to any group or person who might consider the word disparaging.

76. Defendant did not charge Plaintiff Aaron Petitt for his actions or conduct relating to the word.

77. Defendant only charged Plaintiff Aaron Petitt for a word and punished him for a word.

78. Defendant City of Cleveland has established no policy, procedure, act or conduct under color of state law which informed Plaintiff Aaron Petitt that what ambiguous language may be spoken.

79. In the absence of a policy, procedure act or conduct which prohibits otherwise protected speech, Plaintiff Aaron Petitt has suffered punishment by government even though neither he nor other officers within the Division of Police could know what is permissible to say.

80. Defendant City of Cleveland has not and cannot identify ambiguous speech which is objectively outlawed, while at the same time punishing Plaintiff Aaron

Petitt under color of state law for speech which would otherwise be unrestricted and protected.

81. While Plaintiff Aaron Petitt does not and cannot challenge restrictions on speech which would convey unambiguous and universally understood disparagement, Defendant City of Cleveland has not punished under color of state law repeated use of the "N-word."

82. Defendant released a photograph of Plaintiff Aaron Petitt along with a photograph of another police officer who repeatedly used the "N-word."

83. The intent in releasing the two together was to diminishing Plaintiff Aaron Petitt's standing as a police officer and injure his reputation and future as a police officer or any other work he might choose to do.

84. Defendant determined that the other police officer's repeated use of the "N-word" and documented the repeated use of the "N-word," but sent the other officer to inconsequential "sensitivity training" without any loss of work, days off or other meaningful discipline.

85. The use of the "N-word" is unambiguously and universally accepted as disparaging.

86. The repeated use of the "N-word" is unquestionably unambiguously and universally accepted as disparaging.

87. Defendant City of Cleveland's public message on repeated, unambiguous racial references is that it warranted a slap on the wrist.

88. The singular use of a word used by Plaintiff Aaron Petitt is ambiguous and not universally accepted as disparagement.

89. Unlike the repeated use of the unambiguous "N-word," the singular use of a word used by Plaintiff Aaron Petitt in responding to civil disobedience by apparently Arab-American men at the Hustler strip club is not disparagement.

90. In order to cause embarrassment and reputational damages, Defendant City of Cleveland linked Plaintiff Aaron Petitt with the other officer.

91. To further embarrass and humiliate Plaintiff Aaron Petitt, Defendant City of Cleveland charged the plaintiff with failing to "de-escalate" and failing to cover tattoos on his arm, both back on October 25, 2017.

92. Even with the assistance of Plaintiff CPPA joining with Plaintiff Aaron Petti, defendant City of Cleveland concluded the singular word of ambiguous meeting with the October 25th incident a six (6)-day suspension.

93. No government policy issued by defendant City of Cleveland or by its Division of Police prohibits the use of the singular word not made public would result in punishment under color of state law.

94. Defendant City of Cleveland provided no notice concerning the use of the singular word of ambiguous meaning or that its use would result in punishment.

95. Defendant City of Cleveland provided no warning concerning the use of the singular word of ambiguous meaning or that its use would result in punishment under color of state law.

96. Defendant City of Cleveland provided no precedent by way of hearing results, rulings, policy announcements or ordinance that the use of a singular word of ambiguous meaning which was not made public would result in punishment under color of state law because of speech.

97. As a result of the acts and conduct by Defendant City of Cleveland, Plaintiff Aaron Petitt has been deprived of free speech in the utilization of an ambiguous word.

98. As a result of the acts and conduct of Defendant City of Cleveland, Plaintiff Aaron Petitt has suffered loss of reputation, loss of wages, hedonic damages, emotional distress and future opportunities because of the defendant's intentional linking of the plaintiff with another officer who repeatedly use the "N-word" which is acknowledged as universally and unambiguously disparaging.

99. Plaintiff Aaron Petitt's loss is irreparable because it would be virtually impossible to restore an excellent reputation because of the failure of Defendant City of Cleveland under color of state law to punishment without any clear or sensible policy, practice, custom or use of establishing policy which would have made known to him and to other members of the Division of

Police of defendant that the singular use of an ambiguous word not made public except by the actions of the defendant would reasonably result in punishment under color of state law.

## Count III

### PROCEDURAL AND SUBSTANTIVE DUE PROCESS AND CLAIMS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND FIRST AMENDMENT CLAIMS UNDER THE CONSTITUTION OF THE UNITED STATES ON BEHALF OF PLAINTIFF CPPA

100.    Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

101.    Plaintiff Cleveland Police Patrolman's Association ("CPPA") is an organization chartered by the State of Ohio on June 14, 1971 and organized in accordance with the laws of the State of Ohio.

102.    Plaintiff CPPA, as a corporation not for profit, is a "person" under Ohio and federal law.

103.    Plaintiff CPPA exists for the purpose of providing mutual aid and protection and for the education and general welfare of its police officer members.

104.    Plaintiff CPPA serves in that primary objective which seeks to secure for its members and for the betterment of both the police and members of the

community an unfettered assertion of rights without restrictions which violate the Constitution of the United States,

105.    Plaintiff CPPA is not a government agency nor does it have the ability to operate as such under color of state law.

106.    Plaintiff CPPA seeks to advance the rights insured under the Constitution of the United States for the benefit of its members and the community.

107.    In order to achieve the objectives of its charter and the goals of its purpose, Plaintiff CPPA seeks to insure the equal protection of its members and to insure that its members are protected by due process rights insured under the Fourteenth Amendment to the Constitution of the United States.

108.    Plaintiff CPPA also has as its purpose under its charter to represent its members in matters of policy.

109.    As a representative association, Plaintiff CPPA seeks to advance equality, uniformity and fairness in its representative function with the employer of its members, Defendant City of Cleveland.

110.    In the absence of an unambiguous policy by Defendant City of Cleveland, punishment of its members without an assurance of clarity and specificity, Plaintiff CPPA suffers an obstruction to his corporate purposes which diminishes the ability of its members to engage in their professional

responsibilities without the fear of arbitrary, capricious and discriminatory acts, practices and conduct by Defendant City of Cleveland.

111.    The charter of Plaintiff CPPA mandates that it must engage in activities for the protections and welfare of its members which cannot be achieved in the absence of unambiguous policy.

112.    The charter of Plaintiff CPPA requires that it protects and defends its members concerning any matter affecting their employment status.

113.    The charter of Plaintiff CPPA requires that it undertake and engage in appropriate educational programs for its members.

114.    In the absence of clarity in policy, acts and conduct, Defendant City of Cleveland obstructs and otherwise interferes with the charter of Plaintiff CPPA.

115.    Plaintiff CPPA has endeavored to fulfill its objectives of all of its police officers which Defendant City of Cleveland promulgated policies, acts and conduct with clarity and fairness.

116.    In the instance of Plaintiff Aaron Petitt as a member, it is aware of his significant service in the protection and defense of the nation and in the protection and defense of the citizens of Cleveland, Ohio.

117.    Defendant City of Cleveland has punished its member, Plaintiff Aaron Petitt, for, *inter alia*, using an ambiguous work on a singular occasion not made

public, for which Defendant City of Cleveland under color of state law, punished him with a six (6)-day suspension.

118.    Because Defendant City of Cleveland has no policy or has not acted or engaged in conduct which limits, restricts or prohibits the singular use of an ambiguous word, it has rendered the ability of Plaintiff CPPA to protect and defend its members nugatory.

119.    Because Plaintiff CPPA is obligated to provide educational programs for the benefit of Plaintiff Aaron Petitt and other police officers affiliated with Plaintiff CPPA, its ability to guide police officers on speech has been hampered and interfere with because Defendant City of Cleveland is employing the ability to punish a member under color of state law over the singular word of one word with an ambiguous meaning.

120.    As a "person" under the law, Plaintiff CPPA has standing to challenge governmental interference with the due process rights of its members insured under the Fourteenth Amendment to the Constitution of the United States and its free speech rights under the First Amendment to the Constitution of the United States.

121.    Plaintiff CPPA cannot protect, defend or educate Cleveland police officers against punishment for the singular use of a word which has an ambiguous meaning.

122.    In the absence of declaratory relief, Plaintiff CPPA will continue to be obstructed by the Defendant City of Cleveland in its chartered purposes for and on behalf of police officers who are associated with Plaintiff CPPA.

123.    No government policy issued by Defendant City of Cleveland or by its Division of Police prohibits the use of the singular word not made public which would result in punishment under color of state law.

124.    Defendant City of Cleveland provided no notice concerning the use of the singular word of ambiguous meaning that its use would result in punishment and none of Plaintiff CPPA's members would know what to say (and not to say) relative to the restriction, yet would face punishment by Defendant City of Cleveland.

125.    Defendant City of Cleveland provided no warning concerning the use of the singular word of ambiguous meaning that its use would result in punishment and none of Plaintiff CPPA's members would know what to say (and not to say) relative to the restriction, yet would face punishment by Defendant City of Cleveland.

126.    Defendant City of Cleveland provided no precedent by way of hearing results, rulings, policy announcements or ordinance that the use of a singular word of ambiguous meaning which was not made public would result in punishment under color of state law and none of Plaintiff CPPA's members

would know what to respond (and not respond) relative to the restriction, yet would face punishment by Defendant City of Cleveland

127. As a result of the acts and conduct by defendant City of Cleveland, Plaintiff CPPA has been deprived of the ability to protect, defend and educate relative to fair notice, warning or hearing and otherwise be deprived of the ability to explain to its members what free speech or due process rights exist when faced with punishment of a singular word of ambiguous meaning..

128. As a result of the acts and conduct of Defendant City of Cleveland, Plaintiff CPPA's members will suffer discipline, loss of reputation, loss of wages, hedonic damages, emotional distress and future opportunities because of the defendant's failure to establish policy, acts or conduct relating to the use of a singular word of ambiguous meaning.

WHEREFORE, Plaintiffs urge this Court to grant the following relief:

    A. Declare that the acts and conduct of the Defendant constitute violations of the Fourteenth Amendments to the Constitution of the United States, the First Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983;

    B. Preliminarily and permanently enjoin the defendant, its executives, managers, and all others working in concert with them from engaging in the future in the enforcement of punishment and discipline relative to the use of one word which has an ambiguous meaning as violative of First Amendments and Fourteenth Amendment rights of free speech and due process of plaintiffs Aaron Petitt and CPPA;

C. Direct that Defendant establish rules and regulations with respect to procedures which afford and insure fundamental notions of fairness, due process and free speech as they apply to the Plaintiffs and others with respect to rights insured under the Fourteenth and First Amendments to the Constitution of the United States regarding potential restrictions of the use of a singular word with ambiguous meaning;

D. Grant to the Plaintiffs and against the Defendant appropriate compensatory damages with statutory costs and reasonable fees as expressly provided by federal law;

E. Grant any additional relief the Court deems just, equitable and in the public interest.

/s/ Avery Friedman           /s/ Jared Klebanow

AVERY FRIEDMAN & ASSOCIATES  KLEBANOW LAW LLC
701 The City Club Building        701 the City Club Building
850 Euclid Avenue               850 Euclid Avenue
Cleveland, OH 44114          Cleveland, OH 44114
P: (216) 621-9282              P: (216) 621-8320
F: (216) 621-9283              F: (216) 621-9283
avery@lawfriedman.com        jklebanow@klebanowlaw.com

Attorneys for Plaintiffs Aaron Petitt and Cleveland Police Patrolman's Association

## **JURY DEMAND**

Plaintiffs Aaron Petitt and the Cleveland Police Patrolmen's Association hereby demand trial by jury.


                                                 /s/Avery Friedman

                                                Avery Friedman