**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| AARON PETITT, et al | ) | Case No. 1:18-cv-01678-JG |
| | ) | |
| Plaintiffs, | ) | JUDGE: JAMES S. GWIN |
| | ) | |
| vs. | ) | **DEFENDANTS CITY OF** |
| | ) | **CLEVELAND'S ANSWER TO** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| CITY OF CLEVELAND, | ) | |
| | ) | |
| Defendant. | ) | (Jury Trial Requested) |

Now comes the Defendant City of Cleveland, by and through its undersigned counsel, and for their answer to Plaintiffs complaint state as follows:

1. Deny the allegations contained in paragraphs 1, 2, 3, 5, 6, 7, 8, 9, and 10 for want of knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Deny the allegations contained in paragraph 4.

3. Defendant admits that the City of Cleveland is a political subdivision of the State of Ohio and that Plaintiff Petitt is currently employed as a patrol officer for Defendant, but denies all other allegations in Paragraph 11.

4. Defendant admits, under the applicable chapter of the Ohio Revised Code, the City of Cleveland and the Cleveland Police Patrolmen's Association (CPPA) are currently parties to a collective-bargaining agreement (CBA) covering many of the wages, hours, terms and conditions of bargaining unit members' employment with the City of Cleveland and that Plaintiff is a bargaining unit member, but deny all other allegations in Paragraph 12.

5. Deny as stated the allegations contained in paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27, and for want of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

6. Defendant states that the pre-disciplinary hearing letters issued to Plaintiff speak for themselves, and, as such, deny all other allegations in Paragraphs 29, 30, and 31 of the Complaint.

7. Deny the allegations contained in paragraphs 28, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, and 70.

8. Deny the allegations contained in paragraphs 68, 69, 101, 102, 103, 104, 105, 106, 107, 108, 109, 111, 112, and 113 for want of knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Defendant states that the pre-disciplinary hearing letters issued to Plaintiff speak for themselves, and, as such, deny all other allegations in Paragraphs 71, 72, and 73 of the Complaint.

10. Deny the allegations contained in paragraphs 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 110, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, and 126 .

11. Deny the allegations contained in paragraphs 100, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127 and 128.

12. Deny any allegations not specifically admitted above.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs Complaint fails to state cause of action upon which relief can be granted.

2. Any recovery to which Plaintiffs might otherwise have been entitled is barred by the doctrines of laches, waiver, release, unjust enrichment, and/or estoppel.

3. Plaintiffs have failed to join necessary and indispensable parties to this litigation.

4. This Court lacks jurisdiction over the subject matter of Plaintiffs Complaint.

5. Any recovery to which Plaintiffs might have otherwise been entitled is barred by the doctrines of accord and satisfaction, or compromise and settlement.

6. Plaintiffs have failed to mitigate his damages.

7. Plaintiffs have failed to join parties or entities needed for the just adjudication of the within controversy.

8. Plaintiffs have spoliated, destroyed, and/or failed to maintain any relevant evidence to the prejudice of this Defendant.

9. Plaintiffs failed to comply with all conditions precedent and/or other prerequisites to filing their claim(s).

10. Plaintiffs failed to exhaust all available administrative remedies.

11. All actions taken by the Defendant were protected by the business judgment rule.

12. Plaintiffsø claims are frivolous, subject to sanction, and/or warrants the awarding of attorneysø fees to the Defendant.

13. Defendant is entitled to all defenses and immunities set forth in Ohio Rev. Code Chapter 2744 and all other defenses and immunities under federal, state, and common law.

14. Plaintiffs may be judicially estopped from bringing said action.

17. Plaintiffs' claims are barred by the doctrines of collateral estoppel, issue preclusion, claim preclusion, and res judicata.

18. Plaintiffs' claim is subject to a cap on damages and/or a set-off.

19. Plaintiffs' request for injunctive relief is improper because plaintiff has an adequate remedy at law.

20. Plaintiffs' request for injunctive relief is improper because plaintiff will not suffer irreparable harm if the injunctive relief is not granted.

21. There is no compelling public interest that warrants the imposition of an injunction.

22. Venue is improper for Plaintiff CPPA.

23. Defendant reserves the right to raise any additional defenses that may come to light during the pendency of this action.

## JURY DEMAND

Defendant demands a trial by the greatest number of jurors allowable by law.

**WHEREFORE,** having fully answered, Defendants City of Cleveland respectfully move this Court to dismiss Plaintiff's complaint with prejudice and that Defendant City of Cleveland be awarded such further and additional relief as this Court deems just and equitable.

> Respectfully submitted,
>
> BARBARA A. LANGHENRY (0038838)
> Director of Law
>
> By: /s/  Michael J. Pike                        .
> Michael J. Pike (0074063)
> City of Cleveland Department of Law
> 601 Lakeside Avenue, Suite 106
> Cleveland, Ohio 44114-1077
> Telephone (216) 664-2775
> Facsimile  (216) 664-2663
> E-mail:  mpike@city.cleveland.oh.us
>
> Attorneys for Defendant
> City of Cleveland

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of Septemebr 2018, the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic receipt.  All other parties, if any, will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

> /s/  Michael J. Pike           .
> Michael J. Pike (0074063)