UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
|   |   |   |
|---|---|---|
| AARON PETITT, *et al.*, | : | |
|  | : | Case No. 1:18-cv-1678 |
| Plaintiffs, | : | |
|  | : | |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 22] |
| CITY OF CLEVELAND, | : | |
|  | : | |
| Defendant. | : | |
|  | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Cleveland Police Officer Aaron Petitt sent a racially-charged text and the City of Cleveland (the "City") suspended him for six days.  Petitt and Cleveland Police Patrolmen's Association ("CPPA") sue the City, alleging free speech and due process violations.  Defendant City of Cleveland moves for summary judgment.  For the following reasons, the Court **GRANTS** Defendant's motion.

## I. Background

This case arises from an April 27, 2017 text exchange between Cleveland Police Officers Aaron Petitt and Sean Gorman.  Gorman received a call to go to a Cleveland strip joint.  Gorman texted Plaintiff Officer Petitt to ask for help:

| | |
|---|---|
| **Gorman:** | Stop down to hustler apparently there are some middle eastern types giving people a hard time we are in route. |
| **Petitt:** | Packing up.  Be there soon. |
| **Gorman:** | Take your time. |
| **Gorman:** | Sorry for bothering you Sir. |
| **Petitt:** | *Never a bother to tune up some haji haha.* |
| **Gorman:** | Lol.[1] |

---

[1] Doc. 22-3 at 105 (emphasis added).

Case No. 1:18-cv-1678
Gwin, J.

Ultimately, Gorman resolved the police call incident without Petitt's help.[2] The City of Cleveland discovered the text nearly a year later during an unrelated investigation of Gorman.[3]

On April 3, 2018, the City disciplinarily charged Petitt with using "disparaging remarks when referencing an Arabic male during a potential police action."[4] Cleveland Police Department rules prohibit officers from using "epithets, terms or words which tend to denigrate any person(s) due to their race."[5] It also charged Petitt with failing to de-escalate and failing to cover arm tattoos during an October 25, 2017 encounter.[6]

The Gorman-Petitt exchange seems of little importance. Gorman asked for help with "some middle eastern types" apparently hassling patrons at a strip joint. Petitt responded with a text using the term "haji", apparently a not-complimentary Arab reference. Petitt shared the reference only with Gorman. The City only learned of the reference while conducting an unrelated investigation of Gorman.

The City held a pre-disciplinary hearing on April 17, 2018.[7] There, the City presented evidence supporting its allegations.[8] Petitt had the opportunity to cross-examine witnesses and present his own evidence.[9] In May 2018, the Cleveland Police Chief found Petitt guilty of all charges and suspended him for six days.[10]

Plaintiffs then brought this case under 42 U.S.C. § 1983, claiming that the City's

---

[2] Doc. 24 at 6; Doc. 24-7 at 16.
[3] Doc. 24 at 5.
[4] *Id.* at 76. The letter also charged him with failing to use de-escalation techniques and to cover a tattoo during an unrelated incident.
[5] *Id.* at 86.
[6] *Id.*
[7] Doc. 22-3 at 12.
[8] *Id.*
[9] *Id.*
[10] Doc. 24-4.

-2-

Case No. 1:18-cv-1678
Gwin, J.

actions violated Plaintiffs' freedom of speech and due process rights.[11] Defendant moves for summary judgment.[12]

## II. Discussion

The Court grants summary judgment if the movant demonstrates that there is no genuine dispute of material fact and he is entitled to judgment as a matter of law.[13] A genuine issue of material fact exists if a reasonable jury could return a verdict for the non-moving party.[14] The Court views the evidence, and draws all reasonable inferences, in the light most favorable to the non-moving party.[15]

To prevail under 42 U.S.C. § 1983 against the City, Plaintiffs must demonstrate that the City's policies or customs caused a constitutional violation.[16] Merely demonstrating that the City's employees violated the Constitution is not enough.[17]

### A. Petitt's Freedom of Speech Claim

The Constitution prohibits the state from punishing citizens for protected speech.[18] To make out a First Amendment claim as a public employee, Petitt must show that: (i) he was speaking about a matter of public concern, (ii) he was speaking as a private citizen, and (iii) his interests in that speech outweigh the interest of the State, as an employer, in promoting public service efficiency.[19] Petitt fails each step.

First, Petitt's haji reference did not relate to a "matter of political, social, or other

---

[11] Doc. 1.
[12] Doc. 22. Plaintiffs oppose. Doc. 24. Defendant replies. Doc. 25.
[13] Fed. R. Civ. P. 56(a).
[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[15] *E.g., Rhinehart v. Scutt*, 894 F.3d 721, 735 (6th Cir. 2018).
[16] *Monell v. Dep't of Social Serv. of City of N.Y.*, 436 U.S. 658, 690 (1978); *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017). Bizarrely, Defendant frames the *Monell* inquiry as a separate cause of action. It is not. It is a logically antecedent question as to whether Plaintiffs may bring claims against the City of Cleveland at all.
[17] *Monell*, 436 U.S. at 691.
[18] Const. amend. I; Const. amend. XIV; *Gitlow v. New York*, 268 U.S. 652, 666 (1925).
[19] *E.g., Mayhew v. Town of Smyrna, Tenn.*, 856 F.3d 456, 462 (6th Cir. 2017).

Case No. 1:18-cv-1678
Gwin, J.

concern to the community."[20]

Second, Petitt was not speaking as a private citizen. The question is "whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties."[21] The Court considers, *inter alia*, "the speech's impetus; its setting; its audience; and its general subject matter."[22] Here, Petitt was speaking to an on-duty police officer after a request to assist in a law-enforcement action.

Third, Petitt's interest in using an arguably offensive epithet barely registers as an interest at all. To the extent it is an interest, it is easily outweighed by Defendant's interest in prohibiting its officers from using offensive language.

Accordingly, Petitt's freedom of speech claim fails.

### B. Petitt's Substantive Due Process Claim

Petitt also claims that the City violated his substantive due process rights. He can show a violation by demonstrating "an arbitrary abuse of executive power so egregious that it shocks the conscience of the public."[23] Only "the most egregious official conduct" qualifies.[24]

Although somewhat difficult to discern, Petitt seems to argue that it was arbitrary and capricious for the City to determine that "haji" was a sufficiently disparaging term to justify the six-day discipline because the word is ambiguous.[25]

---

[20] *Connick v. Myers*, 461 U.S. 138, 146 (1983).
[21] *Lane v. Franks*, 573 U.S. 228, 240 (2014).
[22] *Mayhew*, 856 F.3d at 464.
[23] *Doe v. Miami Univ.*, 882 F.3d 579, 599 (6th Cir. 2018). Plaintiff could also succeed by demonstrating that the state impaired a fundamental right. This is an ephemeral concept including those rights "deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty." *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997). However, Petitt has not identified such a right in this case.
[24] *Doe*, 882 F.3d at 599 (internal brackets and quotation marks omitted).
[25] Doc. 1 ¶ 36 ("Defendant arbitrarily and capriciously determined a word used by Plaintiff Aaron Petitt to be disparagement without any research or study.").

-4-

Case No. 1:18-cv-1678
Gwin, J.

The City's discipline does seem overblown. Petitt had sent one seemingly private text message to another officer with an only-arguably insulting ethnic reference. No public statement was made. Petitt's reference to "tune up" a citizen, an apparent reference to using force on the citizen, seems more offensive. But this does not make out a substantive due process claim. Public employers make suspect employee decisions without necessarily running afoul of the Constitution.

It is true that haji may: (i) refer to a Muslim who has made the pilgrimage to Mecca or (ii) be used as derogatory slang for Arabic persons.[26] Given the context here, it was reasonable for the City to concluded Petitt meant the latter. The only thing Petitt knew about the people he was describing is that they were "middle eastern types." In any event, the City's decision falls far short of the extreme executive abuse required.

Also, the City found that Petitt had failed to cover his tattoos and failed to de-escalate. Failing to cover his tattoos was a Group I violation, warranting a maximum five-day suspension.[27] Failure to de-escalate was either a Group I or II violation, warranting either a maximum five-day suspension or minimum six-day suspension, respectively.[28] These additional charges undercut the severity of Petitt's six-day suspension.

Although the City may have overreacted, Petitt's substantive due process claim fails.

---

[26] *E.g.,* The American Heritage Dictionary of the English Language (5th ed. 2011) (defining hajji first as "one who has made a pilgrimage to Mecca" and second as "Offensive slang: used as a disparaging term for an Arab or Muslim."). *See also* Elspeeth Reeve, *"Hajji Doesn't Mean What You Think It Means*, The Atlantic (Mar. 19, 2012) ("Soldiers use the term 'hajji' the way junior high boys use the term 'gay.'"); Ben Brody, *The definitive glossary of modern US military slang*, Public Radio International (Dec. 3, 2013), https://www.pri.org/stories/2013-12-03/definitive-glossary-modern-us-military-slang ("Hajji: A derogatory term for Iraqis, used widely during the Iraq War.").

[27] Doc. 22-3 at 110.

[28] The City argues that it is a Group II offense. Doc. 22-1 at 12–13. Petitt argues it falls within Group I. Doc. 24 at 14. Unfortunately, the City's disciplinary guidance does not explicitly identify failure to de-escalate as either a Group I or Group II violation. Doc. 22-3 at 110–11.

Case No. 1:18-cv-1678
Gwin, J.

### C. Petitt's Procedural Due Process Claim

Petitt also claims that the City violated his procedural due process rights.

First, Petitt claims that no government policy prohibits the use of ambiguous words.[29] Not so. Cleveland Police Department Rule 5.11 prohibits the use of "epithets, terms or words which tend to denigrate any person(s) due to their race."[30] Nothing in that rule requires a word to be *clearly* denigrating before it could be punished.

Second, Petitt argues that the City did not provide him with adequate prior notice that using the word "haji" would violate the City's rules.[31] It is somewhat unclear whether a void-for-vagueness argument is a procedural or substantive due process challenge. On one hand, it concerns lack of notice (typically a procedural due process concern). On the other hand, it sounds it deals with the content of the law and notions of fundamental fairness (more substantive due process). However, it matters not, Petitt raises both procedural and substantive challenges in the same claim.

A regulation must "give ordinary people fair notice of the conduct it punishes."[32] Because the regulation imposes only civil penalties, Plaintiff must show that the rule or standard was "so vague and indefinite as really to be no rule or standard at all."[33] Here, an ordinary person should have appreciated that the word "haji" was likely to run afoul of the City's prohibition on racial epithets.

It does not appear that Petitt challenges the procedure used to suspend him. Nor

---

[29] *E.g.,* Doc. 24 at 4.
[30] *Id.* at 86.
[31] Doc. 1 ¶ 49 ("Defendant City of Cleveland provided no notice concerning the use of the singular word of ambiguous meaning or that its use would result in punishment."). Although the lack of law in Petitt's brief makes it difficult to discern the contours of his claim, the Court construes it as a void-for-vagueness challenge.
[32] *Johnson v. United States,* 135 S. Ct. 2551, 2556–57 (2015) (internal citations and quotation marks omitted).
[33] *Boutilier v. Immigration & Naturalization Services,* 387 U.S. 118, 123 (1967) (internal quotation marks, citations, and alterations omitted).

Case No. 1:18-cv-1678
Gwin, J.

could he, the City sent Petitt a letter outlining the charges, presented evidence at a hearing, and allowed Petitt to cross-examine its witnesses and present competing evidence.[34] Petitt's procedural due process claim fails.

### D. CPPA's Due Process Claims

CPPA claims the City violated its substantive and procedural due process rights as well. It alleges that it is required to represent, educate, and train its members and that these duties will be impeded, it argues, by the City's ability to punish an officer for "one word with an ambiguous meaning."[35]

CPPA has not, however, demonstrated how this amounts to a constitutional violation. To the extent CPPA is making a vagueness challenge, as discussed *supra*, the City's rule against racial epithets is sufficiently specific for constitutional purposes. CPPA's remaining arguments concern either Petitt's injuries or speculative future injuries to other officers—neither of which CPPA has standing to pursue.[36]

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: April 10, 2019                       *s/       James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[34] *Farhat v. Jopke*, 370 F.3d 580, 592 (6th Cir. 2004) (holding that the Due Process Clause requires the state to provide the employee with: (i) notice of the charges against him, (ii) an explanation of the employer's evidence, and (iii) an opportunity to present his side of the story).

[35] Doc. 1 ¶ 119.

[36] *Crawford v. United States Dep't of Treasury*, 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties."). *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).