UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
AARON PETITT, *et al.*,              :
:  Case No. 1:18-cv-1678
Plaintiffs,         :
:
vs.                                   :  OPINION & ORDER
:  [Resolving Doc. 28]
CITY OF CLEVELAND,                    :
:
Defendant.          :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Aaron Petitt used a pejorative ethnic phrase in a text message he sent to another Cleveland police officer and the City of Cleveland (the "City") suspended him.[1] Petitt—and the Cleveland Police Patrolmen's Association—sued the City alleging free speech and due process violations.[2] On April 10, 2019, the Court granted summary judgment for Defendant.[3]

The City now moves for $2,213.53 in costs for transcribing and electronically recording two depositions.[4]

Generally, the Court awards costs to a party who prevails on summary judgment.[5] However, the Court may, in certain circumstances, decline to award costs.[6]

Here, while certain factors favor costs—the sought costs are not unreasonably large,

---

[1] Doc. 22-3 at 105; Doc. 24-4.
[2] Doc. 1.
[3] Doc. 26.
[4] Doc. 28. Plaintiffs oppose. Doc. 29.
[5] Fed. R. Civ. P. 54(d)(1) ("[C]osts—other than attorney's fees—should be allowed to the prevailing party.").
[6] *E.g.*, *Knology, Inc. v. Insight Commc'n Co., L.P.,* 460 F.3d 722, 726 (6th Cir. 2006). *See also Lichter Found., Inc. v. Welch,* 269 F.2d 142, 146 (6th Cir. 1959) (allowing the Court to decline an award "is intended to take care of a situation where, although a litigant was the successful party, it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party").

Case No. 1:18-cv-1678
Gwin, J.

and the City did not bog down the case—the countervailing factors are stronger.[7]

Primarily, this was an unusually close case.[8] The City's ambiguous rules and disproportionate punishment treaded dangerously close to a constitutional violation.

Further, Plaintiffs litigated this case in good faith.[9]

Finally, this case was of some public importance.[10] The City's employees—and the public at large—benefit from clear City policies and predictable punishments, which the case sought to promote. Awarding costs here might discourage future suits that seek to keep the City honest.[11]

Thus, the Court **DENIES** Defendant's motion for costs.

IT IS SO ORDERED.


Dated: May 8, 2019                    s/     James S. Gwin
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

---

[7] *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).
[8] *Id.*
[9] *Id.*
[10] *See id.* at 733 (recognizing that whether the action benefited the public is a relevant factor in denying costs). *See also Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (considering the substantial public importance of the case in denying costs); *Moore v. Cty. Of Del.*, 586 F.3d 219, 221–22 (2d Cir. 2009) (same).
[11] *See Bokhari v. Metro. Gov't of Nashville*, No. 3:11-00088, 2014 WL 1234711, *2 (M.D. Tenn. Mar. 25, 2014) ("[L]itigants pressing important public interest issues should not be deterred by the specter of having to pay enormous costs to the opposing party.").